JOHN F. DONATO, M.D., PLAINTIFF-APPELLANT, v. ESSEX COUNTY BOARD OF CHOSEN FREEHOLDERS *ET AL.*, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued December 14, 1976—Decided January 3, 1977.

Before Judges HALPERN, BOTTER and KOLOVSKY.

Appellant John F. Donato argued the cause *pro se*.

*Mr. Francis P. McQuade,* Essex County Counsel, argued the cause for respondent.

The opinion of the court was delivered by
KOLOVSKY, J. A. D. Plaintiff appeals from the dismissal, after argument, of the complaint filed by him to set aside a salary resolution finally adopted by the Essex County

Board of Chosen Freeholders (Board) on December 31, 1975 following a public hearing. The hearing was held pursuant to the terms of the prior resolution of December 18, 1975 setting forth the proposed salary increases and directing that notice of the public hearing be published. The notice was published in the *Newark Star-Ledger* on December 24, 1975.

The salary resolution, effective January 1, 1976, fixed the salary of the county supervisor at $18,000 and the salaries of the Board members at $15,000 a year, with its director receiving an additional $500 a year.

Plaintiff contends that the salary resolution should be declared void because, allegedly, the procedures set forth in *N. J. S. A.* 40:20–72, as amended by *L.* 1974, *c.* 156, had not been complied with.

At the outset it should be noted that there is no basis at all for so much of plaintiff's challenge as involves the salary of the county supervisor. *N. J. S. A.* 40:20–72 deals only with salaries of members of boards of chosen freeholders and their directors. It has no relevancy to the office of county supervisor, *N. J. S. A.* 40A:9–36, whose salary is fixed by the Board pursuant to *N. J. S. A.* 40A:9–10.

Prior to its amendment by *L.* 1974, *c.* 156, *N. J. S. A.* 40:20–72 (as last amended by *L.* 1970, *c.* 61) did not contain any provisions governing the procedures for the adoption of salary resolutions. It merely specified the permissible minimum and maximum salaries in various classes of counties and provided for the fixing of a salary within those limits by resolutions specifying the date when the salaries were to take effect.

However, the procedures to be followed in case of resolutions adopted pursuant to *N. J. S. A.* 40:20–72, *N. J. S. A.* 40:20–73 or *N. J. S. A.* 40:20–74 were set forth in another statute, to which neither party has referred. *N. J. S. A.* 40:20–74.1 to *N. J. S. A.* 40:20–74.5 provided for introduction and a first reading of the resolution, and for publication thereof and of notice of the time and place when it would be considered for final passage, at least once in two

newspapers, the publication to be at least one week prior to the time when it would be considered for final passage. Further, it provided that at that time there should be a public hearing, with final passage of the resolution by the vote of a majority of all the members of the Board, to be at least ten days after the first reading. Finally, it called for at least one publication of the resolution after final passage.

The provisions of *N. J. S. A.* 40:20–74.1 to 40:20–74.5 no longer control the procedures for adoption of a salary resolution pursuant to *N. J. S. A.* 40:20–72 since the 1974 amendment to that section incorporated procedural provisions therein. *N. J. S. A.* 40:20–72 now provides, in pertinent part:

The salaries of the members of the boards of chosen freeholders * * * shall be *fixed by the respective boards by resolution* as follows:
    *a. The procedure for introduction, publication, hearing and adoption of said resolution shall be the same as the procedure established by N. J. S. 40A:4–4 for the adoption of a county budget resolution.*
  \*     \*     \*     \*     \*     \*     \*     \*
  Salaries of members of boards of chosen freeholders for which a maximum amount is prescribed herein, and additional compensation of directors of boards of chosen freeholders for which a maximum amount is prescribed herein, may, within the limits prescribed herein, be fixed by the respective boards by resolution. * * * Every such resolution shall specify the date when such salaries shall take effect.

*N. J. S. A.* 40A:4–4, the section of the Local Budget Law referred to in *N. J. S. A.* 40:20–72, reads as follows:

All budgets shall be introduced, approved, amended and adopted by resolution passed by not less than a majority of the full membership of the governing body.
  The procedure shall be as follows:
  a. Introduction and approval.
  b. Public advertising.
  c. Public hearing.
  d. Amendments and public hearings, if required.
  e. Adoption.

Contrary to what the trial judge ruled, we conclude that in determining what procedures are mandated by *N. J.*

*S. A.* 40:20–72 "for introduction, publication, hearing and adoption" of a salary resolution, our examination is not limited to the topical phrases set out in *N. J. S. A.* 40A:4–4. Reference must also be made to *N. J. S. A.* 40A:4–5 to 10 which contain specific details with respect to each of the procedural steps set out in *N. J. S. A.* 40A:4–4.

■ Since *N. J. S. A.* 40:20–72 authorizes a board of chosen freeholders to "specify the date when such salaries shall take effect," we are satisfied that salary resolutions are not subject to the time schedules set forth in *N. J. S. A.* 40A:4–5 to 10. Those schedules have relevance only to budgets. Budgets, unlike salary resolutions, are subject to the approval of the State Division of Local Government, must normally be adopted not later than February 25 (*N. J. S. A.* 40A:4–10) and must be transmitted to the county board of taxation "not later than March 31 of the fiscal year" (*N. J. S. A.* 40A:4–11).

■ However, other provisions of the cited sections are relevant and controlling. So, it is required that: after first reading, a time and place for public hearing on the resolution be set (*N. J. S. A.* 40A:4–5), the hearing date to be at least 18 days after first reading (*N. J. S. A.* 40A:4–7); that the resolution and notice of the hearing be published in an authorized newspaper at least ten days before the hearing (*N. J. S. A.* 40A:4–6); that if the resolution is amended, a further public hearing be held after published notice thereof (*N. J. S. A.* 40A:4–9), and that final adoption be by the vote of a majority of the full membership of the board (*N. J. S. A.* 40A:4–10).

It is evident that the Board's resolution of December 31, 1975 did not comply with these requirements since (a) the hearing date set by the December 18, 1975 resolution was only 7 rather than 18 days after first reading and (b) the publication was only 7 rather than 10 days before the hearing.

■ However, these deficiencies do not call for a reversal. The deficiencies have been corrected by a new salary resolution finally adopted by the Board on April 1, 1976, fixing

the same salaries for the members of the Board and its director, effective January 1, 1976. (We have no occasion to consider the effect of the retroactive feature of the April 1 ordinance since plaintiff concedes that the Board has "the power to make their raises retroactive.")

The procedures leading to the adoption of the April 1, 1976 resolution complied with the statute. The salary resolution was introduced and passed on first reading by a resolution adopted by the Board on March 11, 1976. It called for a public hearing on April 1, 1976, more than 18 days after the first reading and the notice of the hearing was published on March 15, 1976, more than ten days before the hearing of April 1, 1976 when the correctory resolution was finally adopted.

Affirmed.